UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN NELSON, and
KIMBERLY NELSON,

        Plaintiffs,        Case No. 11-cv-14433
                                       HON. GEORGE CARAM STEEH

vs.

BAC HOME LOANS SERVICING, L.L.P.,
d/b/a BANK OF AMERICA, N.A., et al.,

        Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

I.    Introduction

Plaintiffs, Shaun Nelson and Kimberly Nelson, filed the instant action in the Oakland County Circuit Court, Pontiac, Michigan on September 8, 2011 seeking equitable relief, specifically the setting aside of the sheriff's sale and to quiet title in certain real property in plaintiffs' names. Defendants removed this matter on October 7, 2011 based on diversity of citizenship of the parties. On November 22, 2011, plaintiffs filed a first amended complaint asserting (1) breach of contract; (2) fraud; (3) quiet title pursuant to Michigan Compiled Laws § 600.2932; (4) wrongful foreclosure; (5) conversion; (6) defendants do not hold the original note; and (7) defendants are not true parties in interest. Before the court is defendants' motion for judgment on the pleadings. The parties have briefed their respective positions and oral argument was held on April 20, 2012.

II.  Factual Background

On August 13, 2007, plaintiffs obtained a $293,500.00 loan from Quicken Loans, Inc. to purchase real property located at 35819 Jamestown Road, Farmington Hills, Michigan, 48335. The loan was evidenced by a promissory note signed by plaintiffs. To secure repayment of the loan, plaintiffs granted a mortgage to Quicken Loans as the Lender and MERS as the nominee for the Lender, its successors and assigns. MERS assigned the mortgage to defendant BAC Home Loans Servicing, LP ("BACHLS") on September 8, 2010. Plaintiffs allege that this assignment was invalid because the mortgage requires that it be assigned along with the note. Specifically, the mortgage states: "The note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."

Plaintiffs defaulted on their obligations under the terms of the mortgage and note. To avoid foreclosure, plaintiffs entered into a loan modification with BACHLS on November 23, 2009. Plaintiffs again defaulted less than one year later.

On September 14, 2010, a Mich. Comp. Laws § 600.3205a notice was sent to plaintiffs informing them of the procedure to request another loan modification. A notice was also published in the Oakland County Legal News on September 15, 2010. Plaintiffs did not respond to the September 14, 2010 correspondence. Foreclosure by advertisement commenced with notices published in the Oakland County Legal News on October 12, 19, 26 and November 2, 2010 and posted on the property on October 14, 2010. The property was sold at a sheriff's sale on March 8, 2011 to BACHLS which obtained a sheriff's deed. Plaintiffs did not redeem the property within the redemption period, which expired on

September 8, 2011.  BACHLS quit claimed the property to Fannie Mae on April 15, 2011.

  III. Law & Analysis

  A. Standard of Review

A motion for judgment on the pleadings under Rule 12© of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  See Grindstaff v. Green, 133 F. 3d 416, 421 (6th Cir. 1998).  Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555).

  The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Id. at 1950.

    B.    Defendant's Motion for Judgment on the Pleadings

Plaintiffs' claims are subject to dismissal because the redemption period has expired. Once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Systems, No. 07-725429, 2009 WL 1507342, *1 (Mich. App. May 28, 2009). After redemption expires, the former owner has no standing to make claims with respect to the property. Id.; Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010); Moriarty v. BNC Mortgage, No. 10-13860, 2010 WL 5173830, *2 (E.D. Mich. Dec. 15, 2010).

Here, all of plaintiffs' rights in the property were extinguished when the redemption period expired on September 8, 2011, and they lack standing to bring any claim with respect to the property. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of

fraud, or irregularity." Overton, 2009 WL 1507342, at *1(emphasis added)(citing Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 N.W.2d 784 (1969)).

While it is true that the Michigan Supreme Court in Reid v. Rylander, 270 Mich. 263, 267, 258 N.W. 630 (1935) held the validity of a foreclosure sale could be tested during a summary proceeding, this is not a summary proceeding. Even under Reid, the only matters that may be challenged during a summary proceeding are purely procedural matters. Id. Specifically, the Reid court held that:

> We again hold that validity of the sale may be tested in a summary proceeding based thereon, in so far as invalidity thereof appears in the procedure, but underlying equities, if any, bearing on the instrument, legal capacity of the mortgagee or trustee, and other matters . . . cannot be made triable issues in a summary proceeding.

Id. Therefore, plaintiffs are not permitted, as they try to do here, to challenge the capacity of the foreclosing mortgagee or to raise any other challenges.

Further, plaintiffs have not made a clear showing of fraud or irregularity sufficient to justify extension of the redemption period. Plaintiffs argue that they have alleged fraud concerning the foreclosure based upon BACHLS's representations regarding its status as a note holder and mortgage holder. Plaintiffs' fraud pleading does not include sufficient facts "to state a claim that is plausible on its face." Iqbal, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Here, plaintiffs' fraud claim is facially implausible. The court cannot draw the reasonable inference that plaintiffs relied on this alleged misrepresentation to their detriment.

Plaintiffs are incorrect in their assertion that a non party has standing to challenge a mortgage assignment. Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 2010 WL 4275305, No. 10-1782, 2010 WL 4275305, *4 (6th Cir. Oct. 28, 2010). While the Livonia Properties Holdings court held that "[a]n obligor may assert as a defense any matter which renders the assignment absolutely invalid[, such as] nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment." Id. This exception to the rule occurs when an obligor has no protection "from having to pay the same debt twice." Id. Here, similar to the assignee in Livonia Properties Holdings, BACHLS has produced documentation that it is the rightful owner of the loan and had been assigned all rights therein prior to the initiation of foreclosure proceedings. See Def.'s Mot., Ex. C. Plaintiffs cannot claim that BACHLS was not the rightful owner subjecting plaintiffs to double liability on the debt, therefore they have no standing to challenge the assignment to BACHLS. Id.

A foreclosure completed by MERS or an assignee of MERS is permitted under the foreclosure by advertisement statute. See Residential Funding Co., LLC v. Saurman, 490 Mich. 909, 909; 805 N.W. 2d 183 (2011). The Saurman court held that MERS or an assignee of MERS can complete a foreclosure by advertisement because "it is the owner . . . of an interest in the indebtedness secured by the mortgage." Id. A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute. See Bakri v. Mortgage Electronic Registration System, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011). Here, MERS assigned the mortgage and note to BACHLS, which enforced its contractual rights by foreclosing its mortgage interest when plaintiffs defaulted under the loan. Plaintiffs'

argument that defendant falsely represented it was the owner and/or servicer is inaccurate. The evidence presented shows that BACHLS owned the note and mortgage. In any event, Mich. Comp. Laws § 600.3204(1)(d) authorizes any owner of the indebtedness, or the servicer of the mortgage to foreclose.

Plaintiffs' argument that MERS assigned the note to "a securitized Real Estate Mortgage Investment Conduit (REMIC) trust," which extinguished MERS ability to assign the mortgage is unsupported with any documentation other than the affidavit of Gregory Tyll, who supposedly performed an investigation of the mortgage and note concerning the subject property. See Plf.'s Resp., Ex. 2. Mr. Tyll claims that "[a]s per the MERS loan registration system, the note was securitized by FannieMae meaning the note and mortgage were sold to a REMIC trust." Id.

Mr. Tyll does not indicate what document he relies on in support of his bare assertion that MERS assigned the mortgage to a REMIC trust. The documentary evidence produced shows that the mortgage was assigned to BACHLS. Therefore, plaintiffs' argument that the assignment to the REMIC trust extinguished any lien or interest in the property is without merit.

Plaintiffs' contention that defendants violated paragraph 20 of the mortgage because the mortgage and note were separated is similarly without merit. That section provides, in relevant part: "The Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to the Borrower . . ." Plaintiffs expressly authorized the assignment with language in the mortgage that was identical to language the Michigan Court of Appeals found authorized and validated the

assignment by MERS in Bakri v. Mortgage Electronic System, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011).

In any event, the Michigan Supreme Court appears to reject plaintiffs' contention that separation of the note from the mortgage invalidates the assignee's rights to foreclose:

> Under the settled law of this State, the mortgage and the note are to be construed together. The rule is well-settled that the mortgagee has a lien on the land to secure the debt. It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. The choice of a mortgagee is a matter of convenience. Indeed, in interpreting predecessor foreclosure-by-advertisement statutes, in cases in which the mortgagee had transferred a beneficial interest, but retained record title, this Court has unanimously held that only the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

Saurman, 490 Mich. at 909-10. Consistent with the Saurman decision, BACHLS had the right to receive the assignment of plaintiffs' former mortgage, and to foreclose upon it when plaintiffs defaulted under the loan. The separation of the note and the mortgage, if true, did not extinguish BACHLS's mortgage on the subject property.

### IV.   Conclusion

Accordingly,

Defendant's motion for judgment on the pleadings [#19] is GRANTED.

This cause of action is dismissed.

Dated:  June 7, 2012

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk